IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Statesville Division

| | |
|---|---|
| WATAUGA COUNTY VOTING RIGHTS TASK FORCE, COMMON CAUSE, DR. RAY RUSSELL, LARRY TURNBOW, CHARLIE WALLIN, DR. JAMES FENWICK, JR., LAURIE FLEMING, PATRICIA DALE, and KINNEY RAY BAUGHMAN,<br><br>    Plaintiffs,<br><br>  v.<br><br>WATAUGA COUNTY BOARD OF ELECTIONS, ERIC ELLER in his official capacity as a member of the Watauga County Board of Elections, TERRY CIRONE in his official capacity as a member of the Watauga County Board of Elections, PAMELA HUSS CLINE in her official capacity as a member of the Watauga County Board of Elections, ELAINE ROTHENBERG in her official capacity as a member of the Watauga County Board of Elections,, and LETA COUNCILL in her official capacity as a member of the Watauga County Board of Elections,<br><br>    Defendants. | Case No. 5:25-cv-00157 |

**PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

Pursuant to Federal Rule of Civil Procedure 65(a), Plaintiffs WATAUGA COUNTY VOTING RIGHTS TASK FORCE, COMMON CAUSE, DR. RAY RUSSELL, LARRY TURNBOW, CHARLIE WALLIN, DR. JAMES FENWICK, JR., LAURIE FLEMING, PATRICIA DALE, and KINNEY RAY BAUGHMAN, for the reasons set forth herein and in the memorandum of law filed concurrently with this Motion, and as supported by the materials submitted therewith, respectfully move for an order preliminarily enjoining Defendants from

enforcing, implementing, or giving any effect to (1) the reapportionment plans described in Senate Bill 759, Sec. 1 and Senate Bill 912, Sec. 1 in their entirety, and (2) the referendum ban described in Senate Bill 912, Sec. 2 in its entirety.

A preliminary injunction is warranted because Plaintiffs satisfy all requirements for its issuance. First, Plaintiffs are likely to succeed on the merits of the five claims they bring in this action. The malapportioned Watauga County Commission and Board of Education plans imposed by Senate Bill 759 and Senate Bill 912 violate the Equal Protection Clause because improper considerations led to the large population deviations present in each plan. *See Raleigh Wake Citizens Ass'n v. Wake Cnty. Bd. of Elections*, 827 F.3d 333, 342 (4th Cir. 2016). The referendum ban imposed by Senate Bill 912 violates the Equal Protection Clause because it singles out Watauga County voters—out of all voters in the State—and prevents them alone from adopting referenda to structure their own county commission. *See City of Greensboro v. Guilford Cnty. Bd. of Elections*, 248 F. Supp. 3d 692, 705 (M.D.N.C. 2017). The Senate Bill 912 referendum ban amounts to unconstitutional retaliation because it was motivated by the General Assembly's decision to retaliate against the Plaintiffs who supported the referendum, and this retaliatory animus injured Plaintiffs. *See Shapiro v. McManus*, 203 F. Supp. 3d 579, 595–96 (D. Md. 2016) (three-judge panel), *abrogated on other grounds by Rucho v. Common Cause*, 588 U.S. 684 (2019). The SB912 referendum ban also imposes a severe burden on voting that violates the First Amendment test set forth in *Anderson v. Celebrezze*, 460 U.S. 780 (1983) and *Burdick v. Takushi*, 504 U.S. 428 (1992). Finally, not only does the referendum ban single out Watauga County, it discriminates against a specific viewpoint within the County—namely, the position of those that advocate and vote for new county commissioner districts—by eliminating the efficacy of the viewpoint for over a decade. This amounts to unconstitutional viewpoint discrimination. *See*

*Velazquez v. Legal Servs. Corp.*, 164 F.3d 757, 769-72 (2d Cir. 1999), *aff'd,* 531 U.S. 533 (2001) (finding a provision that prevented efforts to amend or challenge existing law "inescapably viewpoint-biased").

Second, Plaintiffs will suffer irreparable injury to their fundamental voting rights without preliminary injunctive relief. *League of Women Voters of N.C. v. North Carolina*, 769 F.3d 224, 247 (4th Cir. 2014); *Obama for Am. v. Husted,* 697 F.3d 423, 436 (6th Cir. 2012); *Williams v. Salerno,* 792 F.2d 323, 326 (2d Cir.1986); *NAACP-Greensboro Branch v. Guilford Cty. Bd. of Elections*, 858 F. Supp. 2d 516, 529 (M.D.N.C. 2012); *Republican Party of N.C. v. Hunt*, 841 F. Supp. 722, 728 (E.D.N.C. 1994). Third, the balance of equities and the public interest, which "merge when the Government is the opposing party," *Nken v. Holder*, 556 U.S. 418, 435 (2009), overwhelmingly favor Plaintiffs. While plaintiffs will suffer severe and irreparable harm if the challenged provisions are allowed to remain in effect, *see supra*, the burden of reverting to the prior electoral system or implementing the plan adopted in a 2024 referendum will be minimal.

Plaintiffs therefore request that the Court issue a preliminary injunction enjoining Defendants from enforcing, implementing, or giving any effect to (1) the reapportionment plans described in Senate Bill 759, Sec. 1 and Senate Bill 912, Sec. 1 in their entirety, including barring Defendants from conducting further elections under these plans, and (2) the referendum ban described in Senate Bill 912, Sec. 2 in its entirety.

Plaintiffs further request that the Court timely consider this motion, including the scheduling of any hearings, to ensure that necessary remedies are timely adopted and lawful plans for the Watauga County Commission and School Board are in place before the 2026 elections. While the General Election is more than one year away, candidate filing begins on December 1, 2025. Plaintiffs also request that the Court waive the posting of security as otherwise may be

required by Federal Rule of Civil Procedure 65(c). *See 2311 Racing, LLC v. Nat'l Ass'n for Stock Car Auto Racing, LLC*, No. 3:24-CV-00886-KDB-SCR, 2025 WL 77065, at *2 (W.D.N.C. Jan. 10, 2025) ("The Court has discretion to set the bond in any amount it considers proper or to waive the bond requirement altogether.").

This the 3rd day of November, 2025.

BROOKS, PIERCE, MCLENDON,
HUMPHREY & LEONARD, L.L.P.

/s/ Eric F. Fletcher
Eric F. Fletcher
N.C. State Bar No. 54105
efletcher@brookspierce.com
Michael B. Jones
N.C. State Bar No. 63595
mjones@brookspierce.com
Pearson G. Cost
N.C. State Bar No. 60828
pcost@brookspierce.com
Post Office Box 1800
Raleigh, North Carolina 27602
Telephone: (919) 839-0300
Facsimile: (919) 839-0304

*Attorneys for Plaintiffs*

## CERTIFICATION OF CONFERRAL

I hereby certify that counsel for the Plaintiffs have conferred with counsel for the Defendants in accordance with Local Rule 7.1. Defendants intend to oppose Plaintiffs' request for a preliminary injunction.

This the 3rd day of November, 2025.

/s/ Eric F. Fletcher
Eric F. Fletcher

## CERTIFICATION IN COMPLIANCE WITH STANDING ORDER REGARDING USE OF ARTIFICIAL INTELLIGENCE

I hereby certify that (a) no artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg, and (b) every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

This the 3rd day of November, 2025.

/s/ Eric F. Fletcher
Eric F. Fletcher

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing has been served on all parties to this action by filing the same in the Court's Case Management/Electronic Case Filing System, which will send a Notice of Electronic Filing to all counsel of record for the parties.

This the 3rd day of November, 2025.

/s/ Eric F. Fletcher
Eric F. Fletcher