# EXHIBIT D

NORTH CAROLINA

WATAUGA COUNTY

GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
23-CVS-591

FILED
2023 DEC -8 A 11:11
WATAUGA CO., C.S.C.

WATAUGA COUNTY
BOARD OF COMMISSIONERS,

Plaintiff,

v.

PHILIP E. BERGER, in his official capacity as president pro tempore of the North Carolina Senate; TIMOTHY K. MOORE, in his official capacity as speaker of the North Carolina House of Representatives; and THE NORTH CAROLINA STATE BOARD OF ELECTIONS,

Defendants.

**VERIFIED COMPLAINT**

## INTRODUCTION

1. This matter involves implementing recent legislation that reconfigures the electoral structure for the Watauga County Board of Commissioners. *See* Exhibit A, Session Law 2023-147.

2. Session Law 2023-147 does three things. First, it adjusts the district lines for the Watauga County Board of Commissioners' five districts:

**Old Map** **New Map**



3. Second, it converts the Board's districts from residency districts to electoral districts.

4. Third, it sets different election cycles for these new districts.

5. Through this declaratory judgment action, the Board seeks clarity regarding how to implement Session Law 2023-147. Alternatively, the Board seeks an order requiring the General Assembly to remedy the infirmities in Session Law 2023-147.

6. The General Assembly has stated that Session Law 2023-147 "ensures that all county commissioners will serve the terms they were elected to," "no terms will be extended," and "no terms will be cut short." *See infra* p 4.

7. As discussed below, however, the language of Session Law 2023-147 does not make such a result possible. Nor does North Carolina law provide another other method for the Board to ensure that terms are not shortened or extended.

8. Faced with this impossibility, along with the risk of otherwise assuming "the hazard of acting upon its own view," the Board respectfully requests that the Court intervene. *Lide v. Mears*, 231 N.C. 111, 118, 56 S.E.2d 404, 409 (1949).

**PARTIES**

9. Plaintiff Watauga County Board of Commissioners is a body politic with the authority to sue and be sued. N.C. Gen. Stat. § 153A-11. The Board is comprised of five members.

10. Defendant Philip E. Berger is the President Pro Tempore of the North Carolina Senate. He is sued in his official capacity only.

11. Defendant Timothy K. Moore is the Speaker of the North Carolina House of Representatives. He is sued in his official capacity only.

12. Defendant North Carolina State Board of Elections has general supervisory responsibility for the administration of elections in North Carolina. N.C. Gen. Stat. § 163-22.

## JURISDICTION AND VENUE

13. The Court has subject-matter jurisdiction over this action.

14. The Court has personal jurisdiction over all Defendants under N.C. Gen. Stat. § 1-75.4, and venue is proper under N.C. Gen. Stat. § 1-82.

## FACTUAL ALLEGATIONS

### *Prior Elections*

15. Prior to 2023, members of the Watauga County Board of Commissioners were elected from residency districts.

16. Each commissioner had to reside in a separate district, but they were still elected countywide for two and four-year staggered terms.

17. Every two years, three of the five commission seats were up for county-wide election. The third-place candidate served a two-year term, while the other two prevailing candidates who received more votes served four-year terms. *See* N.C. Gen. Stat. § 153A-58(2)(d).

## *Session Law 2023-147*

18. On October 25, 2023, the North Carolina General Assembly passed Session Law 2023-147. *See* Exhibit A ("An Act to Establish Election Districts for the Watauga County Board of Commissioners[;] to Establish Residency Districts for the Anson County Board of Commissioners; and to Modify the Primary Process [for] the Johnston County Board of Education.").

19. Session Law 2023-147 purports to accomplish three things:

20. First, it implements new district lines. S.L. 2023-147, § 1(a); *see also* Exhibit B.

21. Second, it modifies the electoral structure of the Watauga County Board of Commissioners so that its members are elected from electoral districts instead of residency districts. S.L. 2023-147, § 1(a).

22. Finally, it provides for staggered terms for the members of the Board. In 2024, elections are to be held for new districts 3, 4, and 5. And in 2026, elections are to be held for new districts 1 and 2. S.L. 2023-147, § 2.

## *Implementing Session Law 2023-147*

23. On October 23, 2023, the bill's sponsor, Senator Hise, stated in the Senate Redistricting and Elections Committee meeting that "the implementation of this [bill] ensures that all county commissioners will serve the terms they were elected to," "no terms will be extended," and "no terms will be cut short." October 23 Senate Redistricting and Elections Committee Meeting, available at https://www.youtube.com/live/yQsX1OjHKxs?si=0vaqdjKFQrtk5VTs&t=1730.

24. The following chart illustrates when the terms for each current commissioner expire, the new district that they reside in under Session Law 2023-147, and the year that each commissioner is up for election under Session Law 2023-147, based on residency:

| Current County Commissioners, Districts, and Terms | | | | |
|---|---|---|---|---|
| *Commissioner* | *Original District* | *New District* | *Original Term Expiration* | *New Term Expiration* |
| Todd Castle | 1 | 5 | 2026 | 2024 |
| Ray Russell | 2 | 2 | 2024 | 2026 |
| Braxton Eggers | 3 | 3 | 2026 | 2024 |
| Larry Turnbow | 4 | 5 | 2024 | 2024 |
| Charlie Wallin | 5 | 4 | 2024 | 2024 |

25. As the above shows, the requirements of Session Law 2023-147 do not align with Senator Hise's comments.

26. The text of Session Law 2023-147 reveals the same. It does not address the unexpired terms of current Watauga County Commissioners. Nor does it address whether Session Law 2023-147 reduces or extends the term of office for any incumbent member of the Watauga County Board of Commissioners.

27. For example, Session Law 2023-147 fails to address who will represent the citizens of Watauga County in new districts 1 and 2 between 2024 and 2026, since those seats are not up for election until 2026.

28. It fails to address whether Commissioner Eggers' term is shortened since his current term does not expire until 2026.

29. It fails to address whether Commissioner Castle's term is shortened, since his current term does not expire until 2026.

30. And it fails to address whether Commissioner Russell's term is extended, since his current term expires in 2024.

31. In short, the text of Session Law 2023-147 is directly at odds with the notion that "all county commissioners will serve the terms they were elected to," "no terms will be extended," and "no terms will be cut short."

32. It appears that Session Law 2023-147 is also at odds with North Carolina law. Indeed, it is well established that "incumbents of offices, both elective and appointive, shall hold until their successors are selected and qualified." *Baxter v. Danny Nicholson, Inc.*, 363 N.C. 829, 834 690 S.E.2d 265, 268 (2010); *see also* N.C. Gen. Stat. § 128-7. But the text of Session Law 2023-147 does not contemplate this scenario.

33. Nevertheless, even if Session Law 2023-147 could somehow not extend or shorten terms, additional problems arise.

34. For example, Commissioner Castle could continue to represent former district 1 until 2026, even though that district no longer exists and he does not reside in new district 1. *See* N.C. Const. art. VI, sec. 8.

35. Commissioner Russell's term would end, leaving new district 2 without representation.

36. And Commissioner Eggers would continue to represent former district 3 until 2026, even though that district no longer exists.

37. Additionally, an election is scheduled to be held for new district 3, opening the possibility of more than five commissioners and double representation for some citizens of Watauga County.[1]

**COUNT ONE**
**(Declaratory Judgment Act)**

38. The Board re-alleges and incorporates by reference all preceding paragraphs.

39. Under N.C. Gen. Stat. § 1-253 *et seq.*, the Board seeks a declaratory judgment related to implementing Session Law 2023-147. There is an actual controversy between the parties regarding Session Law 2023-147, and a declaratory judgment would settle the controversy between the parties and remove any uncertainty with respect to their obligations under North Carolina law.

40. The Watauga County Board of Commissioners should not be compelled to assume the hazard of acting upon its own view of the effect of Session Law 2023-147. *Lide*, 231 N.C. at 118, 56 S.E.2d at 409; *Calabria v. N. Carolina State Bd. of Elections*, 198 N.C. App. 550, 554, 680 S.E.2d 738, 743 (2009).

---

[1] Under and over representation issues necessarily implicate numerous constitutional concerns. *See, e.g.*, *Avery v. Midland Cnty*, 390 U.S. 474 (1968); *see also NAACP-Greensboro Branch v. Guilford Cnty. Bd. of Elections*, 1:12-cv-111 (M.D.N.C. 2012).

41. That view, no matter how well intentioned, would be based entirely on speculation, because Session Law 2023-147 is silent on how to resolve the many issues that it creates.

42. As shown above, notwithstanding contrary statements from the General Assembly, it is impossible to implement Session Law 2023-147 without shortening or extending terms of certain Watauga County commissioners.

43. Thus, rather than assuming "the hazard of acting upon [its] own view," the Board seeks a declaration from this Court confirming how to implement Session Law 2023-147 in accordance with North Carolina law. *Lide*, 231 N.C. at 118, 56 S.E.2d at 409. Specifically, the Board seeks a declaration that determines whether the terms of certain commissioners are extended or shortened.

44. Alternatively, the Board requests that the Court require that the General Assembly remedy Session Law 2023-147's infirmities through subsequent clarifying legislation. *See, e.g.*, An Act to Remedy Infirmities Found by a Federal Court in a Local Act Relating to Election of the Board of Commissioners of Guilford County, S.L. 2012-21.

## REQUEST FOR RELIEF

Plaintiffs respectfully request that the Court:

(a) issue a declaratory judgment declaring how Session Law 2023-147 must be implemented, or, alternatively, require that the General Assembly remedy Session Law 2023-147's infirmities through clarifying legislation; and

(b) award any and all other relief which the Court deems just and proper.

Respectfully submitted the 8th day of December, 2023.

**DI SANTI CAPUA & GARRETT, PLLC**

By: /s/ Anthony S. di Santi


Anthony S. di Santi
N.C. State Bar No. 6954
adisanti@dwc-law.com
Andrea Capua
N.C. State Bar No. 20278
acapua@dwc-law.com
P.O. Box 193
Boone, NC 28607
Telephone: (828) 264-6126
Facsimile: (828) 264-7743


*Counsel for the Board*

**POYNER SPRUILL LLP**

By: /s/ Caroline P. Mackie


Caroline P. Mackie
N.C. State Bar No. 41512
cmackie@poynerspruill.com
N. Cosmo Zinkow
N.C. State Bar No. 53778
nzinkow@poynerspruill.com
P.O. Box 1801
Raleigh, NC 27602-1801
Telephone: (919) 783-2895
Facsimile: (919) 783-1075


*Counsel for the Board*

STATE OF NORTH CAROLINA

COUNTY OF WATAUGA

**VERIFICATION**

Larry Turnbow, Chair of the Watauga County Board of County Commissioners, being first duly sworn, deposes and says:

That he has read the foregoing Verified Complaint and knows the contents thereof; that the allegations therein are true to the best of his knowledge, except as to those things therein stated upon information and belief; and that as to those matters and things stated upon information and belief, he believes them to be true.

This the 5th day of December, 2023.

Larry Turnbow, Chair of the Watauga County Board of County Commissioners

WATAUGA COUNTY, NORTH CAROLINA

Sworn to and subscribed before me this the 5th day of December, 2023.

Notary Public

My commission expires: August 2, 2026

[SEAL]

Anita J Fogle
NOTARY PUBLIC
Watauga County, NC

GENERAL ASSEMBLY OF NORTH CAROLINA
SESSION 2023

EXHIBIT A

SESSION LAW 2023-147
SENATE BILL 759

AN ACT TO ESTABLISH ELECTION DISTRICTS FOR THE WATAUGA COUNTY BOARD OF COMMISSIONERS TO ESTABLISH RESIDENCY DISTRICTS FOR THE ANSON COUNTY BOARD OF COMMISSIONERS; AND TO MODIFY THE PRIMARY PROCESS THE JOHNSTON COUNTY BOARD OF EDUCATION.

The General Assembly of North Carolina enacts:

**SECTION 1.(a)** Until modified, the Watauga County Board of Commissioners shall consist of five Board members who shall serve staggered four-year terms. The Board members on the Watauga County Board of Commissioners shall be elected from five single-member electoral districts. One Board member shall be elected from each district, and the qualified voters of each district shall elect the Board member for that district. Only qualified voters residing in that district may vote for the Board member from that district, and each candidate for a district seat shall reside in the district in which the candidate seeks election. The districts are as follows:

**District 1**: Watauga County: VTD 005, VTD 006, VTD 007: Block(s) 1899203002025, 1899204001040, 1899204001049, 1899204001054, 1899204001055, 1899204002000, 1899204002001, 1899204002005, 1899204003000, 1899204003001, 1899204003004, 1899204003013, 1899204003014, 1899204003017, 1899204003018, 1899204003019, 1899204003020, 1899204003021, 1899204003022, 1899204003023, 1899204003032, 1899204003033, 1899204003037, 1899204003040; VTD 012.

**District 2**: Watauga County: VTD 013, VTD 014: Block(s) 1899204001007, 1899204001008, 1899204001011, 1899204001012, 1899204001013, 1899204001014, 1899204001015, 1899204001016, 1899204001017, 1899204001018, 1899204001019, 1899204001042, 1899204001043, 1899204001044, 1899204001045, 1899204001046, 1899204001047, 1899204001048, 1899204001050, 1899204001051, 1899204001052, 1899204001053, 1899204001059, 1899204001060, 1899204001061, 1899204001062, 1899204001063, 1899204001064, 1899204001065, 1899204001071, 1899204001072, 1899204001073, 1899204001074, 1899204001075, 1899204001083, 1899204001084, 1899204001085, 1899204001086, 1899204001087, 1899204001088, 1899207011082, 1899207011083, 1899207011084, 1899207031012, 1899207031016, 1899207031035, 1899207031036; VTD 015.

**District 3**: Watauga County: VTD 002, VTD 007: Block(s) 1899203002002, 1899203002003, 1899203002004, 1899203002008, 1899203002009, 1899203002010, 1899203002011, 1899203002012, 1899203002016, 1899203002017, 1899203002018, 1899203002019, 1899203002020, 1899203002021, 1899203002022, 1899203002023, 1899203002024, 1899203002026, 1899203002027, 1899203002028, 1899204003036, 1899204003038, 1899206021006, 1899206021007, 1899206021008, 1899206021050, 1899206021052, 1899206021054, 1899206021055, 1899206021056, 1899206021058, 1899206021060, 1899209004005, 1899209004006, 1899209004007, 1899209004008, 1899209004009, 1899209004031, 1899209004032; VTD 010, VTD 017, VTD 019, VTD 020.

**District 4**: Watauga County: VTD 001, VTD 007: Block(s) 1899202003028, 1899202003029, 1899202003042, 1899203001002, 1899203001003, 1899203001004, 1899203001005,

* S 7 5 9 - V - 4 *

1899203001007, 1899203001008, 1899203001023, 1899203001024, 1899203001025, 1899203001026, 1899203001027, 1899203001028, 1899203001029, 1899203002000, 1899203002001, 1899204003003, 1899204003005, 1899204003006, 1899204003007, 1899204003008, 1899204003009, 1899204003010, 1899204003011, 1899204003012, 1899204003015, 1899204003016, 1899204003024, 1899204003025, 1899204004017, 1899204004018, 1899204004021, 1899204004022, 1899204004023, 1899204004025, 1899204004026, 1899204004027, 1899204004028, 1899204004029, 1899204004031, 1899204004032, 1899204004037, 1899204004040; VTD 008, VTD 011, VTD 014: Block(s) 1899201003027, 1899201003028, 1899201003029, 1899201003030, 1899201003031, 1899204001000, 1899204001001, 1899204001002, 1899204001003, 1899204001004, 1899204001005, 1899204001006, 1899204001009, 1899204001010, 1899204001020, 1899204001021, 1899204001022, 1899204001023, 1899204001024, 1899204001025, 1899204001026, 1899204001039, 1899204001041, 1899204001078, 1899204001079, 1899204001081, 1899204001082, 1899204004011, 1899204004012, 1899204004014, 1899204004015, 1899204004016, 1899204004019, 1899204004020, 1899204004024, 1899204004030, 1899204004033, 1899204004034, 1899204004035, 1899204004036, 1899204004038, 1899204004039, 1899207011028, 1899207011029, 1899207011030, 1899207011064, 1899207011065, 1899207031000, 1899207031001, 1899207031002, 1899207031003, 1899207031004, 1899207031005, 1899207031006, 1899207031007, 1899207031008, 1899207031009, 1899207031010, 1899207031011, 1899207031014, 1899207031022; VTD 016.

**District 5**: Watauga County: VTD 003, VTD 004, VTD 009, VTD 018.

**SECTION 1.(b)** To implement staggering of terms for the members of the Watauga County Board of Commissioners in accordance with Section 1 of this act, the Board members shall be elected and serve as follows:

(1) In 2024, and every four years thereafter, the members elected from Districts 3, 4, and 5 shall each serve a four-year term.

(2) In 2026, and every four years thereafter, the members elected from Districts 1 and 2 shall each serve a four-year term.

**SECTION 2.(a)** The Anson County Board of Commissioners shall consist of seven members elected from seven single-member residency districts. One member shall be elected from each residency district. No candidate shall be eligible to file for, be elected to, or serve on the Anson County Board of Commissioners unless the candidate is a qualified voter and resident of the district in which that candidate seeks to be elected. All candidates shall be voted on by all eligible voters in the county. Members shall take office and qualify on the first Monday in December of the year of election, and the terms of their predecessors shall expire at that same time. Members shall serve until a successor has been elected and qualified.

**SECTION 2.(b)** The residency districts required by this section shall be the election districts used in the 2020 and 2022 elections for the Anson County Board of Commissioners until revised.

**SECTION 2.(c)** Chapter 281 of the 1987 Session Laws is repealed.

**SECTION 2.(d)** This section is effective the first Monday in December 2026, and elections shall be conducted accordingly.

**SECTION 3.** Section 3 of S.L. 1997-32 reads as rewritten:

"Section 3. ~~The period of filing of candidates for the Board of Education shall be the same as for other county offices.~~ If ~~the number of~~ three or more candidates ~~who~~ qualify to run for the ~~board~~ Johnston County Board of Education in each district in any election ~~year is at least three more than twice the number of seats being elected that~~ year, there shall be a nonpartisan primary held at the same time as party primaries for other county offices; otherwise, there shall be no primary. ~~The purpose of the primary, if one is required, shall be to reduce the number of candidates to twice the number of seats open.~~ The ~~number of~~ two candidates receiving the ~~most~~


Case 5:25-cv-00157-MEO-DCK Document 39-10 Filed 12/08/25 Page 13 of 16

highest number of votes ~~in the primary, equal to twice the number of seats open, shall~~ in each residency district shall be nominated for the November general election, with no second primary."

**SECTION 4.** Except as otherwise provided, this act is effective when it becomes law and applies to elections held on or after that date.

In the General Assembly read three times and ratified this the 25th day of October, 2023.

s/ Phil Berger
President Pro Tempore of the Senate

s/ Tim Moore
Speaker of the House of Representatives

EXHIBIT
B



LST-2




Description:

District Plan: LST-2

10/17/2023 5:01 PM