IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:25-CV-157-MEO-DCK

| | |
|---|---|
| WATAUGA COUNTY VOTING RIGHTS TASK FORCE, et al., | ) ) ) |
| Plaintiffs, | ) ) **PROTECTIVE ORDER** |
| v. | ) ) ) |
| WATAUGA COUNTY BOARD OF ELECTIONS, et al., | ) ) ) |
| Defendants and Intervenor Defendants. | ) ) ) |

**THIS MATTER IS BEFORE THE COURT** on "Joint Motion For Protective Order" (Document No. 41) filed January 15, 2026. Having carefully considered the motion and the record, the undersigned will grant the motion and enter the parties proposed Protective Order as follows.

**IT IS, THEREFORE, ORDERED** that

**I.  DEFINITIONS**

1.  "Action" or "Litigation" means the above-captioned case, Watauga County Voting Rights Task Force, et al. v. Watauga County Board of Elections, et al., Case No. 5:25-CV-157-MEO-DCK (W.D.N.C.).

2.  "Challenging Party" means a Party that challenges the designation of material, information, or items under this Protective Order.

3.  "Confidential" information includes information not publicly available that should be protected from disclosure as sensitive and confidential personal information, including but not limited to: (a) the Social Security number, driver's license number, special identification card number, passport number, military identification card number, veterans identification card

number, or tribal enrollment card number of an individual; (b) the birthdate of an individual; (c) the home address, telephone number, or email address provided by an individual; (d) the maiden name or former legal name of any individual or of any family member of such individual; (e) all parts of (i) the North Carolina statewide voter registration database and (ii) Department of Motor Vehicles database that are not otherwise available for public inspection and copying pursuant to federal or North Carolina law; and (f) any other document or information that constitutes, contains, reflects, or discloses confidential, non-public trade secrets; competitively sensitive or proprietary information, research and analysis, development or commercial information; information for which a good faith claim of need of protection from disclosure can be made; and information that is otherwise private or confidential pursuant to federal or state law. Information that is required to be made available for public inspection and copying pursuant to federal or North Carolina law shall not be considered "Confidential" information.

4. "Discovery Material" means all items or information, including from any third party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery in this case.

5. "Producing Party" means the Party or third party that produced the Protected Material.

6. "Protected Material" means any Discovery Material that is designated as "Confidential" as provided for in this Protective Order.

7. "Receiving Party" means any Party that receives Discovery Material from a Producing Party.

**II.     SCOPE**

8.      The Parties shall meet and confer to try to resolve any disputes that may arise under this Protective Order prior to seeking assistance from the Court.

9.      The protections conferred by this Protective Order cover not only Discovery Material and Protected Material, but also (a) any information copied or extracted from Discovery Material or Protected Material;  (b) all copies, derivations, abstracts, excerpts, summaries, or compilations of Discovery Material or Protected Material;  and (c) any testimony, conversations or presentations by Parties or their counsel in court or other settings that might reveal Discovery Material or Protected Material.

10.     However, the protections conferred by this Protective Order do not cover the following information:  (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order, including becoming part of the public record through trial or otherwise;  and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party.  The Parties will exercise caution before publicly filing personal or financial information.

11.     This Protective Order does not alter or override Fed.R.Civ.P. 26, this Court's rules, or other applicable law regarding public filing of documents, redacted filings, and filings under seal.  Any motion, memorandum, document, or other paper filed with the Court is presumptively a public document, and any decision of the Court regarding whether to allow any filing to be made under seal is subject to LCvR 6.1 and applicable law.  (Document No. 36, pp. 6-7).

12. Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose. This Protective Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Protective Order in any way, including, without limitation, an order that certain matter not be produced at all.

13. This Protective Order shall govern all pretrial proceedings but shall be subject to modification either before, during, or after the trial upon the merits, upon consent of the Parties, or upon motion to the Court and showing of good cause by any of the Parties. Any confidential record that is admitted into evidence shall not lose its confidential designation under this Protective Order unless expressly agreed to by the Parties and/or the Producing Party or ordered by the Court. That said, the Parties agree the ultimate disposition of protected materials are subject to a final order of the Court on the completion of this Litigation. (Document No. 36, pp. 6-7).

## III. DESIGNATING PROTECTED MATERIAL

14. A Producing Party shall designate information as "Confidential" by stamping or otherwise clearly marking that material prior to production as "CONFIDENTIAL."

15. The Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures under Fed.R.Civ.P. 26(a). Designations under this Protective Order should be made with care and should not be made absent a good faith belief that the designated material qualifies as Protected Material. If it comes to a Producing Party's attention that information or items that it designated for protection do not qualify for protection, then the Producing Party must promptly notify any Receiving Party that it is withdrawing the designation.

16. Where such material is not reduced to documentary, tangible, or physical form, or

4

where it cannot be conveniently labeled, the Producing Party shall designate the Confidential Information by informing the Receiving Party in writing of the appropriate designation of such material.

17. Third parties producing documents during this action may also designate documents as "Confidential" subject to the same protections, obligations, and constraints as the Parties to the action. A copy of this Order shall be served along with any subpoena or document request served on third parties in connection with this action that has not previously been served before entry of this Order. The Parties to this Action may also designate documents produced by third parties and reproduced by a Party from a third-party subpoena as "Confidential" subject to the same protections, obligations, and constraints as set forth herein, except that such designations must be made within 30 days of receipt of such documents.

18. Entering into, agreeing to, and/or producing or receiving information or material designated as "Confidential" in compliance with the terms of this Protective Order shall not:

    A. Operate as an admission by any Party that any particular information or material designated as "Confidential" contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of confidential information;

    B. Operate as an admission by any Party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information deemed by any Party to be "Confidential";

    C. Prejudice in any way the rights of any Party to object to the production of documents it considers not subject to discovery;

    D. Prejudice in any way the rights of any Party to object to the authenticity or admissibility of any document, testimony, or other evidence subject to this Protective

5

Order;

E. Prejudice in any way the rights of any Party to seek a determination by the Court whether any information or material should be subject to the terms of this Protective Order;

F. Prejudice in any way the rights of any Party to petition the Court for a further protective order relating to any purportedly Confidential information;

G. Prevent the Parties from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided herein with respect to any particular information or material; or

H. Waive, limit, or otherwise modify any federal or state law imposing particular limitations or requirements on the production of any document.

## IV. NON-DISCLOSURE OF PROTECTED MATERIAL

19. A recipient of Protected Material shall keep the material in a secure area and shall exercise due care to restrict access to those persons identified in paragraph 20 of this Protective Order. Any copies, excerpts, or compilations of Protected Material, whether in oral or written form, shall be subject to this Protective Order to the same extent as the Protected Material itself, and, if in written form, must be labeled as Confidential. A recipient shall not duplicate any Protected Material except for use as working copies or for filing in court.

20. Unless otherwise ordered by the Court or agreed to in writing by the Producing Party, Discovery Material designated as "Confidential" may only be used for the purpose of the Litigation and may not be disclosed by a Receiving Party to any person except as described below:

A. The Receiving Parties, their officers, directors, and employees only to the extent reasonably necessary to provide assistance with the Litigation;

B. The Receiving Party's counsel, together with the partners, associates, contract attorneys, secretaries, paralegals, and employees of such counsel, only to the extent reasonably necessary to render professional services in the Litigation, and for use exclusively in this Litigation (and for no other purpose);

C. Judges, court reporters, court personnel, and videographers present at trial, hearings, arguments, depositions and any other judicial proceedings held in this Litigation;

D. Persons shown on the face of the document to have authored or received it;

E. During a deposition, to a current employee of the Producing Party, or person who has been designated by the Producing Party to appear on behalf of the Producing Party at a deposition;

F. Any third party witness shown Confidential information during a deposition, hearing, or trial in this Litigation, so long as prior to being shown such Confidential information, the witness states under oath on the record or executes in writing the Acknowledgment attached to this Protective Order (the "Acknowledgment");

G. Consultants or experts retained by the Receiving Party to assist in the Litigation, provided that the disclosure is only to the extent necessary to perform such work; and provided that such consultant or expert has executed the Acknowledgment; and

H. Contractors, vendors, and technicians retained for the purpose of organizing, filing, coding, converting, storing, or retrieving data or designing database programs for handling Protected Material.

21. A Party seeking to file any Protected Material with the Court shall first confer with the Producing Party on appropriate redactions to address confidentiality concerns and/or, if redactions cannot resolve the confidentiality issue or that Party otherwise requests to have

Protected Material filed under seal, proceed to file consistent with LCvR 6.1. Otherwise, pursuant to LCvR 6.1, if only non-confidential portions of a document are necessary for determination of the matter before the Court, only those non-confidential portions should be filed, immaterial portions should be redacted, and no motion to seal should be filed. In such case, the filing Party shall retain the unredacted copies of such documents and make them available to the Parties' counsel and the Court upon request. The Parties agree to negotiate in good faith to avoid the need to file Protected Material in this matter, including by employing stipulations and/or summary exhibits that would avoid the need to file documents containing any Confidential Information and/or PII. To the extent any filing procedures in this document conflict with the filing procedures in LCvR 6.1, the Local Rule shall control.

## V. DE-DESIGNATION AND CHALLENGING OF PROTECTED MATERIAL

22. Nothing herein shall prevent a Receiving Party from contending in a motion or request to the Court to de-designate information that has been designated as Protected Material that any or all Protected Material is not confidential. A Receiving Party shall not be obligated to challenge the propriety of any "Confidential" designation at the time the designation is made, and failure to do so shall not preclude a subsequent challenge to the designation. A Receiving Party may challenge such designation at any point up until the date that objections to the Parties' exhibits are due before trial. However, once a Receiving Party determines a challenge is warranted, it should make a prompt challenge, and no Receiving Party should unreasonably delay making such challenges.

23. If a Receiving Party seeks to challenge a "Confidential" designation made by a Producing Party, the following procedure shall be used:

    A. The Challenging Party shall, in writing, and by service upon counsel who have appeared in this action, notify the Producing Party that it is disputing the designation

8

Case 5:25-cv-00157-MEO-DCK   Document 43   Filed 01/20/26   Page 8 of 18

(Challenge Notice). The Challenge Notice shall identify the specific materials in dispute, on a document-by-document basis, by exact Bates number(s) (or by other identification if Bates number(s) are not on challenged materials), and the grounds for asserting that the document or information is not entitled to "Confidential" treatment under this Protective Order.

      B.      The Producing Party shall respond in writing within seven (7) business days of receiving the Challenge Notice and state with particularity, on a document-by-document basis, the grounds for asserting that the document or information is entitled to "Confidential" treatment under this Protective Order.

      C.      Once the Producing Party makes a timely response, counsel shall then confer in good faith within five (5) business days in an effort to resolve the dispute.

24. If counsel for the Producing Party and Challenging Party are unable to resolve the dispute during any meet and confer, either Party may file a motion with the Court raising the dispute. The Producing Party will have the burden of proof to establish the propriety of its designations of material as Protected Material. The Challenging Party shall not make frivolous challenges or otherwise challenge documents for improper purposes (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties).

25. Notwithstanding any challenge to a designation of Protected Material, the Protected Material in question shall continue to be treated as if designated as Protected Material under this Protective Order unless and until one of the following occurs: (a) the Producing Party who designated the Protected Material in question withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

## VI. CONFIDENTIAL INFORMATION IN DEPOSITIONS

26. Parties and deponents may, within 30 days (or as mutually agreeable) after receiving the deposition transcript from the court reporter, designate pages and lines of the transcript (and exhibits thereto) as Confidential by underlining or otherwise designating the portions of the pages that are confidential. (Documents marked as deposition exhibits that have been previously designated for protection under this Protective Order do not need to be re-designated to maintain their designation). The Parties and the court reporter shall thereafter mark such pages in all copies of the transcript with the legend, "CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER" and will note on the cover page of any such deposition the following legend: "Certain Designated Pages of this Deposition are Confidential and Subject to a Protective Order." Until expiration of the 30-day period, the entire deposition transcript will be treated as "Confidential" pursuant to this Protective Order.

## VII. PROPER USE OF PROTECTED MATERIAL

27. Persons obtaining access to Protected Material in this Litigation shall use the information in connection with this Litigation only — including appeals and retrials — and shall not use such information for any other purpose, including business, governmental, commercial, or administrative or judicial proceedings.

28. Protected Material in this Litigation, including any documents designated "Confidential" or any information contained therein, shall not be submitted to any open Generative AI tool (i.e., ChatGPT) or any substantially similar tool that is available to the public. Providing such information to an open tool is considered unauthorized disclosure to a third party. The obligations and restrictions of this paragraph apply even where the data or the documents or information has been anonymized.

10

## VIII. NON-TERMINATION

29. The ultimate disposition of Protected Materials under the provisions of this Protective Order are subject to a final order of the Court on the completion of this Litigation. In the absence of such a final order, the provisions of this Protective Order shall not terminate at the conclusion of this Litigation. Upon written request from the Producing Party, within 90 days after final disposition of this Litigation, Discovery Material and all copies and extracts of same (other than exhibits of record) and information integrated into work product shall be returned to the Producing Party or destroyed, except that counsel are entitled to retain archival copies of all draft and final pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential material subject to this Protective Order. Final disposition, for purposes of this Order, is the later of: (1) dismissal of all claims and defenses in this action, with prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearing, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. Any archival copies that contain or constitute Confidential material subject to this Protective Order will remain subject to this Protective Order, including the restrictions on disclosure herein.

## IX. PRIVILEGE LOGS

30. Pursuant to Fed.R.Civ.P. 26(b)(5), the Parties hereby agree that a Producing Party may redact or withhold a document or ESI if it is protected by attorney-client privilege, the work-product doctrine, or any other reasonably applicable privilege from disclosure.

31. Any Producing Party that withholds otherwise discoverable information (including by redaction) by claiming that the information is privileged, must produce a log in compliance

with Fed.R.Civ.P. 26(b)(5). At a minimum, the privilege log must contain a Bates range, the type of document or ESI, the title of the document or ESI, the date of the creation or transmission of the document or ESI, the author or authors of the document or ESI, the recipients of the document or ESI (including individuals copied or blind-copied), whether the document or ESI contains attachments, the privilege or privileges claimed, and the basis for the assertion of privilege or protection.

32. The Parties agree to provide sufficient information in privilege logs to establish the elements of each asserted privilege. See, e.g., Kelly v. United States, 281 F.R.D. 270, 277 (E.D.N.C. 2012). However, the Parties agree that for documents created for the purposes of and in connection with this Litigation, the Parties need not produce a privilege log for any privileged or protected documents or communications that were exchanged among attorneys or staff of counsel for any one Party or documents or communications that were exchanged solely between:

　　a.　　Attorneys or staff of counsel for Plaintiffs and any named Plaintiff(s);

　　b.　　Attorneys or staff of counsel for Defendants and any named Defendant(s); and

　　c.　　Attorneys or staff of counsel for Legislative Intervenor-Defendants, including Nelson Mullins and staff of counsel for the Speaker of the North Carolina House of Representatives and counsel for the President Pro Tem of the North Carolina Senate, and any Legislative Intervenor-Defendant.

33. The documents and communications referenced in Paragraph 32 do not include documents and communications exchanged with counsel in connection with the development or enactment of the challenged map or legislation.

34. Privilege logs shall be produced on a rolling basis. Within 30 days of the date on which a Producing Party makes a production from which privileged materials have been withheld,

the Producing Party shall provide a privilege log listing the documents withheld from that production. If the Producing Party fails to provide a privilege log listing the documents withheld from that production, the Receiving Party may make a motion to compel to the Court.

## X. INADVERTENT DISCLOSURE OR FAILURE TO DESIGNATE

35. The inadvertent failure by a Producing Party to designate Discovery Material as "Confidential" shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected within fourteen (14) days of the Producing Party learning of the inadvertent failure to designate. The Producing Party shall reproduce the Protected Material with the correct confidentiality designation within seven (7) days upon its notification to the Receiving Parties. Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall return or securely destroy, at the Producing Party's option, all Discovery Material that was not designated properly.

36. A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives such notice that such Discovery Material is protected as "Confidential" under this Order, unless an objectively reasonable person would have realized that the Discovery Material should have been appropriately designated as "Confidential" under this Order. Once a Receiving Party has received notification of the correct confidentiality designation for the Protected Material with the correct confidentiality designation, the Receiving Party shall treat such Discovery Material with the appropriate protections pursuant to the terms of this Order.

37. The production of privileged or work-product protected documents, materials, or electronically stored information ("ESI"), whether inadvertent or otherwise, is not a waiver of the privilege or protection of such documents, ESI, or information (or any information relating to the same or related subject matters) from discovery in this case or in any other federal or state

proceeding. This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d) and shall be enforceable and granted full faith and credit in all other state and federal proceedings by 28 U.S.C. § 1738. In the event of any subsequent conflict of law, the law that is the most protective of privilege and work product shall apply. Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI, or other information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

38. To claw-back any privileged or work-product protected documents, ESI, or information, the Producing Party must provide written notice to the Receiving Party (a "Claw-Back Notice"). Within thirty (30) days of a Claw-Back Notice, the Producing Party shall provide a privilege log for all documents subject to the Claw-Back Notice.

39. If a Receiving Party discovers a document that they believe to be privileged or work-product, the Receiving Party will promptly notify the Producing Party of what it believes to be the inadvertently produced privileged document (but no Receiving Party will be found in violation of this Order and the Stipulated ESI Protocol for failing to initially identify potentially privileged document).

40. After being notified that a privileged document was inadvertently produced, any Receiving Party must treat the document in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Within seven (7) days of receiving a Claw-Back Notice, all Receiving Parties must return, destroy, or sequester the specified document and any copies that they have received. The Producing Party must retain a copy of the document until the resolution or termination of this case, including any appeals.

41. If any Receiving Party disputes the merits of a Claw-Back Notice, it shall provide

14

in writing notice of such dispute to the Production Party, and the Producing Party and Receiving Party shall then confer in good faith within five (5) business days after such notice in an effort to resolve the dispute.

42. If counsel for the Producing Party and Receiving Party are unable to resolve the dispute during any meet and confer, either Party may file a motion with the Court raising the dispute. The Producing Party will have the burden of proof to establish the propriety of its Claw-Back Notice.

## XI. MODIFICATION PERMITTED

43. This Order may be modified by agreement of the Parties or by the Court for good cause shown.

**SO ORDERED.** Signed: January 16, 2026

David C. Keesler
United States Magistrate Judge

SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: January 15, 2026                                    Respectfully submitted,

| | |
|---|---|
| **BROOKS, PIERCE, MCLENDON, HUMPHREY & LEONARD, L.L.P.** | **BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.** |

/s/ *Eric F. Fletcher*
Eric F. Fletcher
N.C. State Bar No. 54105
eflectcher@brookspierce.com
Michael B. Jones
N.C. State Bar No. 63595
mjones@brookspierce.com
Pearson G. Cost
N.C. State Bar No. 60828
pcost@brookspierce.com
Post Office Box 1800
Raleigh, North Carolina 27602
Telephone: (919) 839-0300
Facsimile: (919) 839-0304
*Attorneys for Plaintiffs*

/s/ *Thomas G. Hooper*
John E. Branch III
N.C. State Bar No. 32598
jbranch@bakerdonelson.com
Rachel H. Boyd
N.C. State Bar No. 56974
rboyd@bakerdonelson.com
2235 Gateway Access Point, Suite 220
Raleigh, NC 27607
Phone: (984) 844-7900

Thomas G. Hooper
N.C. State Bar No. 25571
thooper@bakerdonelson.com
101 South Tryon Street, Suite 3600
Charlotte, NC 28280
Phone: (980) 256-6300
*Attorneys for Watauga County Defendants*

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

/s/ *Alyssa M. Riggins*
Phillip J. Strach (NCSB # 29456)
Alyssa M. Riggins (NSCB # 52366)
Cassie A. Holt (NCSB # 56505)
Jordan A. Koonts (NCSB # 59363)
Kacie T. England (NCSB #62343)
301 Hillsborough Street, Suite 1400
Raleigh, North Carolina 27603
Ph: (919) 329-3800
Facsimile: (919) 329-3799
Phil.strach@nelsonmullins.com
Alyssa.riggins@nelsonmullins.com
Cassie.holt@nelsonmullins.com
Kacie.england@nelsonmullins.com
*Counsel for Legislative Intervenor-Defendants*

16

Case 5:25-cv-00157-MEO-DCK    Document 43    Filed 01/20/26    Page 16 of 18

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:25-CV-157-MEO-DCK

| | |
|---|---|
| **WATAUGA COUNTY VOTING RIGHTS TASK FORCE, et al.,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**WATAUGA COUNTY BOARD OF ELECTIONS, et al.,**<br><br>**Defendants and Intervenor Defendants.** | **ACKNOWLEDGMENT OF CONFIDENTIALITY DESIGNATIONS AND AGREEMENT TO BE BOUND BY TERMS OF COURT ORDER** |

_____ declares, under penalty of perjury, that: I reside at _____ in the City of _____, County of _____ State of _____.

I am currently employed by _____, located at _____, and my current job title is _____.

I have read and understand the terms of the Protective Order dated _____, filed in the above-captioned action currently pending in the Western District of North Carolina. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court. I shall not divulge any "Confidential" information, or any documents or copies of documents designated "Confidential" obtained pursuant to such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I agree not to copy or

use such "Confidential" information except for the purposes of the above-captioned action and pursuant to the terms of the Protective Order. As soon as practical, but not later than 90 days after final termination of the Litigation, I shall confirm destruction, or return to the attorney from whom I have received them, any documents in my possession designated "Confidential," including all copies, excerpts, summaries, notes, digests, abstracts, and indices that contain Confidential information. I submit myself to the jurisdiction of the United States District Court for the Western District of North Carolina for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

This _____ day of _____, 202\_\_.

_____
**Signature**

_____
**Printed Name**