IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| WATAUGA COUNTY VOTING RIGHTS TASK FORCE; et al,<br><br>*Plaintiffs*,<br><br>v.<br><br>WATAUGA COUNTY BOARD OF ELECTIONS; et al,<br><br>*Defendants*<br><br>and<br><br>PHILIP E. BERGER, in his official capacity as the President *Pro Tempore* of the North Carolina Senate, et al.,<br><br>*Intervenor-Defendants*. | Case No. 5:25-cv-00157-MEO-DCK |

## JOINT MOTION FOR LEAVE FOR EXEMPTION FROM MEDIATED SETTLEMENT CONFERENCE

Pursuant to Local Civil Rule 16.2, Plaintiffs the Watauga County Voting Rights Task Force, Common Cause, Dr. Ray Russell, Larry Turnbow, Charlie Wallin, Dr. James Fenwick, Jr., Laurie Fleming, Patricia Dale, and Kinney Ray Baughman ("Plaintiffs"); Defendants the Watauga County Board of Elections and its members, in their official capacities ("Watauga County Defendants"); and Intervenor-Defendants Philip E. Berger, in his official capacity as the President *Pro Tempore* of the North Carolina Senate, and Destin Hall, in his official capacity as Speaker of the North Carolina House ("Legislative Intervenor-Defendants") (collectively, the "Parties") jointly move the Court for entry of an Order exempting the Parties from a mandatory mediated settlement conference. In support of this Motion, the Parties show the Court as follows:

1. Plaintiffs initiated this matter on October 1, 2025. [Doc. 1]. Philip E. Berger, in his official capacity as the President Pro Tempore of the North Carolina Senate, and Destin Hall, in his official capacity as Speaker of the North Carolina House, moved to intervene as defendants on October 31, 2025, and intervention was granted on December 2, 2025. [Docs. 16, 17, 31, 35].

2. On December 1, 2025, the Parties filed their Rule 26(f) Certification and Report, in which the Parties agreed that settlement is unlikely, and that no ADR procedure would be useful. [Doc. 34 at p.4].

3. On December 2, 2025, the Honorable Magistrate Judge David C. Keesler entered the Pretrial Order and Case Management Plan in this matter. The Order provides that the Parties must designate a mediator by February 13, 2026, and complete mediation and file a report on the results no later than January 15, 2027. [Doc. 36 at pp. 9-10].

4. The Parties to this action met and conferred and discussed in good faith whether this case could be resolved through mediation. All parties agree that this matter cannot be resolved through a mediation in this case, and that mediation would not otherwise be productive

5. The nature of redistricting cases does not lend itself to mediation conferences for several reasons. *See, e.g., Williams, et al. v. Hall, et al.*, No. 1:23-CV-1057, Doc. 47, *6 (May 14, 2024) ("The parties have discussed possible settlement and agree that settlement is unlikely in this matter and that a mediation conference would be unproductive."); *id.* at Doc. 48. First, there is no monetary settlement involved in this case, as Plaintiffs seek declarative and injunctive relief, not monetary damages. [Doc. 1 at pp. 36-37]. Second, redistricting cases are difficult and require courts to "be sensitive to the complex interplay of forces that enter a legislature's redistricting calculus." *Miller v. Johnson*, 515 U.S. 900, 915–916 (1995); *see also Abbott v. Perez*, 585 U.S. 579, 585 (2018) ("Redistricting is never easy[.]"). Plaintiffs here seek to alter the electoral

framework and districts for Watauga County's Board of Commissioners and Board of Education. Plaintiffs' claims, and defense thereof, involve complicated expert analyses that require technical knowledge to adequately assess, which is not logistically or substantively suitable for resolution at a mediation conference.

WHEREFORE, for the foregoing reasons, the Parties respectfully request that the Court enter an Order exempting them from a mandatory mediated settlement conference, as contemplated by Local Civil Rule 16.2 and as set forth in Section IV, paragraphs D and E in the Pretrial Order and Case Management Plan [Doc. 36 at pp. 9-10]. In the alternative, should the Court deny this Joint Motion, the Parties respectfully request fourteen (14) days from the entry of the Order to confer and select a mediator.

Dated: February 12, 2026.                                  Respectfully submitted,

| | |
|---|---|
| **BROOKS, PIERCE, MCLENDON, HUMPHREY & LEONARD, L.L.P.** | **BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.** |
| */s/ Eric F. Fletcher* | */s/ John E. Branch III* |
| Eric F. Fletcher | John E. Branch III |
| N.C. State Bar No. 54105 | N.C. State Bar No. 32598 |
| eflectcher@brookspierce.com | jbranch@bakerdonelson.com |
| Michael B. Jones | Rachel H. Boyd |
| N.C. State Bar No. 63595 | N.C. State Bar No. 56974 |
| mjones@brookspierce.com | rboyd@bakerdonelson.com |
| Pearson G. Cost | 2235 Gateway Access Point, Suite 220 |
| N.C. State Bar No. 60828 | Raleigh, NC 27607 |
| pcost@brookspierce.com | Phone: (984) 844-7900 |
| Post Office Box 1800 | |
| Raleigh, North Carolina 27602 | Thomas G. Hooper |
| Telephone: (919) 839-0300 | N.C. State Bar No. 25571 |
| Facsimile: (919) 839-0304 | thooper@bakerdonelson.com |
| *Attorneys for Plaintiffs* | 101 South Tryon Street, Suite 3600 |
| | Charlotte, NC 28280 |
| | Phone: (980) 256-6300 |
| | *Attorneys for Watauga County Defendants* |

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

/s/ *Cassie A. Holt*
Phillip J. Strach (NCSB # 29456)
Alyssa M. Riggins (NSCB # 52366)
Cassie A. Holt (NCSB # 56505)
Jordan A. Koonts (NCSB # 59363)
Kacie T. England (NCSB #62343)
301 Hillsborough Street, Suite 1400
Raleigh, North Carolina 27603
Ph: (919) 329-3800
Facsimile: (919) 329-3799
Phil.strach@nelsonmullins.com
Alyssa.riggins@nelsonmullins.com
Cassie.holt@nelsonmullins.com
Kacie.england@nelsonmullins.com
*Counsel for Legislative Intervenor-Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this the 12th day of February, 2026 the foregoing has been filed via CM/ECF which will send notice of the following to all counsel of record in this matter.

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

By: */s/ Cassie A. Holt*
Cassie A. Holt (NCSB # 56505)