NELSON MULLINS

Alyssa M. Riggins
Attorney
T: (919) 329-3810
alyssa.riggins@nelsonmullins.com

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AND COUNSELORS AT LAW
301 Hillsborough Street
Suite 1400
Raleigh, NC 27603
T: (919) 329-3800 F: (919) 329-3799
nelsonmullins.com

September 9, 2026

**Via Electronic Filing**
Hon. Judge Matthew E. Orso
6200 Charles R. Jonas Federal Bldg.
401 West Trade Street
Charlotte, NC 28202

Hon. Judge David C. Keesler
1400 Charles R. Jonas Federal Bldg.
401 West Trade Street
Charlotte, NC 28202

**RE: Notice under North Carolina Rules of Professional Conduct, Rule 1.12(c) in *Watauga Co. Voting Rights Task Force, et al. v. Watauga Co. Bd. of Elections, et al.* - 5:25-cv-00157-MEO-DCK**

To the Honorable Judges Orso and Keesler, along with all parties and counsel of record:

PLEASE TAKE NOTICE that, pursuant to Rule 1.12(c) of the North Carolina Rules of Professional Conduct, the law firm of **Nelson, Mullins, Riley & Scarborough** (the "Firm") hereby provides written notice to the Court and to all parties in the above-captioned matter of the following:

1. **Disqualified Lawyer. Haley Tanner** ("the Screened Lawyer") is associated with the Firm. Prior to joining the Firm, the Screened Lawyer participated personally and substantially in this matter as **a law clerk to Judge David C. Keesler and/or Judge Frank D. Whitney** and is therefore personally disqualified under Rule 1.12(a) from representing anyone in connection with this matter.

2. **Representation by the Firm.** The Firm represents Legislative Intervenor-Defendants Philip E. Berger and Destin C. Hall, both in their official capacities, in this matter. No lawyer at the Firm other than the Screened Lawyer has any disqualification that would prevent the Firm from undertaking or continuing this representation.

3. **Timely Screening.** As permitted by Rule 1.12(c), the Screened Lawyer has been timely screened from any participation in this matter. Effective September 8, 2026, the Firm

implemented screening measures that include, without limitation: (a) prohibiting the Screened Lawyer from participating in, discussing, or communicating about this matter with any other Firm personnel; (b) denying the Screened Lawyer access to the electronic files relating to this matter; and (c) providing written notice of these screening measures to all affected Firm personnel, together with instructions to maintain the screen.

4. **Purpose of Notice.** This Notice is given promptly and is intended to enable the Court and the parties to ascertain the Firm's compliance with Rule 1.12. The Firm will promptly provide such additional information as the Court or any party may reasonably request to confirm compliance.

Respectfully submitted,

Alyssa M. Riggins

AMR:
cc: All Parties and Counsel of Record via ECF and email